UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Bruce Loebs,<br><br>Plaintiff,<br><br>vs.<br><br>CMS/Hartzell Company,<br><br>Defendant. | Civil No.: 00-CV-573 JMR/FLN<br><br>**CONFIDENTIALITY AGREEMENT AND STIPULATION FOR A PROTECTIVE ORDER** |

The above-named parties, through their respective undersigned counsel, herein agree that voluntary disclosure of information and discovery sought in the above entitled will involve the disclosure of confidential or proprietary information, (hereinafter referred to as "Confidential Matter");

1. Confidential Matter shall include all documents, things or objects, or any information in other form, produced by a party which has been designated as "confidential" in the following manner:

a. by stamping the front page of each document with the designation "confidential";

b. by imprinting the designation "confidential" next to each answer to interrogatory, response to deposition upon written question, or response to request for admission;

c. all deposition transcripts shall be confidential and the court reporter, or the party holding the original, shall imprint the word "confidential" on the front page of the deposition transcript. A deposition shall not be filed with the Court unless placed in a sealed envelope bearing the designation "FILED UNDER SEAL PURSUANT TO COURT ORDER."

d. by describing in writing and in sufficient detail any non-written materials and by providing written notice to all other

FILED APR 28 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD
DEPUTY CLERK

parties that such non-written material shall be kept confidential; and

e. by affixing to the canister or cassette of all videotapes the designation "confidential."

f. All medical records and mental health records of Plaintiff or any employee, including former employee of defendant, whose records are produced.

g. Any personnel records and performance reviews produced of Plaintiff and any employee of Defendant.

h. Any manuals and policies of Defendant.

In lieu of marking the original documents, the producing party may mark the copies that are produced or exchanged, and the fact that the original documents themselves may not contain "confidential" markings shall not constitute a waiver of confidentiality.

2. Such Confidential Matter shall be used only by the attorneys of record for the parties. The Confidential Matters shall be used only for the purposes of this litigation and for no other purpose, and the Confidential Matter shall not be disclosed except to the following persons:

a. The parties;

b. The Court IN CAMERA OR UNDER SEAL;

c. Attorneys from law firms of record for the parties;

d. Experts for the parties, or such other persons who, in the good faith judgment of the attorneys of record for the parties, it is necessary to disclose such Confidential Matter, provided Paragraph 9 herein is complied with.

3. The Confidential Matter may be exhibited to and/or the information contained therein may be disclosed to the parties during oral depositions and they may be questioned with respect to such Confidential Matter during oral

parties that such non-written material shall be kept confidential; and

e. by affixing to the canister or cassette of all videotapes the designation "confidential."

f. All medical records and mental health records of Plaintiff or any employee, including former employee of defendant whose records are produced.

g. Any personnel records and performance reviews produced of Plaintiff and any employee of Defendant.

h. Any manuals and policies of Defendant

In lieu of marking the original documents, the producing party may mark the copies that are produced or exchanged, and the fact that the original documents themselves may not contain "confidential" markings shall not constitute a waiver of confidentiality.

2. Such Confidential Matter shall be used only by the attorneys of record for the parties. The Confidential Matters shall be used only for the purposes of this litigation and for no other purpose, and the Confidential Matter shall not be disclosed except to the following persons:

a. The parties;

b. The Court IN CAMERA OR UNDER SEAL;

c. Attorneys from law firms of record for the parties;

d. Experts for the parties, or such other persons who, in the good faith judgment of the attorneys of record for the parties, it is necessary to disclose such Confidential Matter, provided Paragraph 9 herein is complied with.

3. The Confidential Matter may be exhibited to and/or the information contained therein may be disclosed to the parties during oral depositions and they may be questioned with respect to such Confidential Matter during oral

deposition, provided, that to the extent that the transcript of any deposition, or the exhibits thereto, incorporates the Confidential Matter, such transcript and any such exhibit shall be subject to the terms of this Protective Order in the same manner as Confidential Matter.

4. If, at the time of trial, counsel intends to introduce into evidence any such Confidential Matter, he/she shall give reasonable notice of that intention to the Court and, counsel for the party having furnished the Confidential Matter and the Court shall be requested to take such steps as it deems reasonably necessary to preserve confidentiality. Confidentiality of any matter, pursuant to the terms of this Agreement, will not affect admissibility at trial.

5. Upon the final termination of the above-entitled action by settlement, dismissal, verdict or other disposition, this Order shall continue to be binding upon all attorneys of record and persons to whom the Confidential Matter has been disclosed. Upon final termination of the above-entitled action, the original and all copies of all Confidential Matter, including any summaries and memoranda made thereof, shall be returned to the party making available the documents designated as confidential.

6. Nothing in this Stipulation shall operate to waive the right of any party to these proceedings to assert objections to the production or admissibility of the Confidential Matter on any ground.

7. Pursuant to the parties' agreement, the Stipulation and any Protective Order may be modified by written Stipulation signed by the attorneys of record and/or by further Order of the Court upon application to the Court, with proper notice.

8. It is expressly agreed that any documents produced hereunder as Confidential Matter, if filed or delivered to the Court, shall be filed under seal subject to further Order of the Court.

9. it is further agreed that in accordance with the foregoing and prior to the review of documents made available pursuant to this Stipulation and resulting Protective Order, counsel for each party shall ensure that any person, as described in Paragraph 2, to whom disclosure is made, has received and read a copy of the Protective Order, has been advised of and understands its terms, and has agreed to be bound by the terms of the Protective Order by signing a copy of the Confidentiality Agreement attached hereto as Exhibit A. All such persons shall be bound by the terms of the Protective Order and shall not disclose the contents of any document other than pursuant to the terms of the Court Order. Counsel for each party shall maintain a file of all executed Confidentiality Agreements they have procured and a list identifying all persons to whom any Confidential Matter has been disclosed. These files and lists shall be provided to all counsel, upon request, after completion of this litigation.

10. Nothing in this agreement shall preclude any party from seeking any additional protection with respect to the confidentiality of documents or information. It is also understood that this Stipulation and resulting Protective Order shall not be construed in any manner as an Order or Stipulation that Confidential Matter produced hereunder is admissible in this action or any other related proceeding.

11. The parties further agree that Plaintiff's medical (including mental health), employment, income tax and educational record shall be kept

confidential, whether obtained by the counsel or directly or through authorizations provided by the Plaintiff.

Dated: 4-19-00

THOMAS D. FOSTER &
ASSOCIATES, Ltd.

By: Thomas Foster
Attorney for Plaintiff
80 South 8th St.
1840 IDS Center
Mpls., MN 55402

Dated: 4/21/2000

Susan D. Thurmer &
Associates, P. A.

By: Susan D. Thurmer, 122543
Attorney for Defendant
11900 Wayzata Blvd., Ste. 214
Minnetonka, MN 55305
(952) 512-8404

So ORDERED.

# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

OFFICE OF THE CLERK
300 S. FOURTH ST., SUITE 202
MINNEAPOLIS, MN 55415

# Clerk's Notice In Re: Protective Order

A Protective/ConfidentialityOrder has been entered in this action. You must comply with the guidelines set forth below when filing **confidential original** documents with the Clerk of U.S. District Court. Failure to do so will cause the documents to be returned.

*Guidelines for filing with the Clerk:*

A. Documents are to be **sealed** (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 *(LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 1/2 x 11 inch white paper...flat and unfolded. this rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)*

B. Each envelope must list the following information, and each document is to be in a separate envelope.

- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents.
- The word "**SEALED**" or "**CONFIDENTIAL**"

***Guidelines for filing with a U.S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U.S. District Judge or U.S. Magistrate Judge are to be marked accordingly and bound together as a set.